# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| AMANDA WILSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PREFERRED FAMILY HEALTHCARE, )<br>INC. )<br>)<br>Defendant. ) | No. 2:21-CV-79 RLW |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Preferred Family Healthcare, Inc.'s Motion to Compel Discovery. (ECF No. 26). Plaintiff Amanda Wilson opposes the motion and it is fully briefed. For the following reasons, the Court will grant Defendant's motion.

## Background

Plaintiff filed this action before the Circuit Court of Adair County, Missouri, on November 15, 2021. (ECF No. 1-1, p. 1). Plaintiff then filed an amended complaint on December 2, 2021. *Id.* at 48. Plaintiff asserts that Defendant—Plaintiff's former employer—violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213; the Missouri Human Rights Act ("MHRA"), Mo. Rev. Stat. §§ 213.010-213.137; the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601-2654; and the False Claims Act ("FCA"), 21 U.S.C. § 3729. (ECF No. 5). Plaintiff alleges that she suffers from high blood pressure and an enlarged heart. *Id.* at ¶ 39. She claims that Defendant failed to accommodate her alleged disabilities and later terminated her because of her disabilities. *Id.* at ¶¶ 82-179. Plaintiff further argues that Defendant improperly interfered with her FMLA leave and retaliated against her for taking such leave. *Id.* at ¶¶ 180-206. Finally, Plaintiff contends that Defendant terminated her employment after she accused Defendant

of violating the FCA. *Id.* at ¶¶ 207-217. Defendant filed a Notice of Removal with this Court on December 23, 2021. (ECF No. 1).

Defendant propounded its First Requests for Production on January 25, 2022. (ECF No. 27, ¶ 1). Plaintiff then requested and received two extensions of time to respond. *Id.* at ¶¶ 3-4. At issue here are Plaintiff's objections to Request Numbers 7, 10, 12, and 16. *Id.* at ¶¶ 5-7. These requests relate to Plaintiff's medical records, employment records, tax returns, and other private documents. The Court will address each in turn.

## Discussion

### I. Legal Standard

Rule 37 of the Federal Rules of Civil Procedure authorizes motions to compel discovery. *See* Fed. R. Civ. P. 37(a)(1) ("On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery."). Rule 26 governs the scope of discovery in federal matters:

> (1) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

"The scope of discovery under Rule 26(b) is extremely broad." *SI03, Inc. v. Musclegen Rsch., Inc.,* No. 1:16-CV-274 RLW, 2020 WL 6544261, at *1 (E.D. Mo. Nov. 6, 2020) (citation omitted). "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper

2

litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession." *Id.* (citing *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Relevancy in this context has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case. *Id.* (citing *Jo Ann Howard & Assocs., P.C. v. Cassity*, 303 F.R.D. 539, 542 (E.D. Mo. 2014)) (internal quotations omitted).

Although Rule 26 was amended in 2015 to include a proportionality requirement, the amendment does not "permit the opposing party to refuse discovery simply by making a boilerplate objection that it is not proportional." Fed. R. Civ. P. 26 advisory committee's note to 2015 Amendment. "A party claiming undue burden or expense ordinarily has far better information . . . with respect to that part of the determination." *Id.* "A party claiming requests are unduly burdensome cannot make conclusory allegations, but must provide some evidence regarding the time or expense required." *Vallejo v. Amgen, Inc.*, 903 F.3d 733, 743 (8th Cir. 2018) (citation omitted). "Rule 26 requires a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Id.* (citation and internal quotation omitted).

"After the proponent of discovery makes a threshold showing of relevance, the party opposing a motion to compel has the burden of showing its objections are valid by providing specific explanations or factual support as to how each discovery request is improper." *SI03, Inc.*, 2020 WL 6544261, at *2 (citations omitted). "Bare assertions that the discovery requested is overly broad, unduly burdensome, oppressive, or irrelevant are ordinarily insufficient to bar production." *Bank of America, N.A. v. Roberts,* No. 4:12-cv-609 AGF, 2014 WL 1259779, at *10 (E.D. Mo. Mar. 26, 2014).

## II.     Plaintiff's Medical Records

Request Number 7 seeks materials relating to Plaintiff's physical and mental medical history from January 1, 2018 to present. (ECF No. 27-3, p. 5). To the extent any responsive documents are not in Plaintiff's possession, the request directs Plaintiff to sign an attached medical records release. *Id.*

Plaintiff argues that the request is overly broad because it is not limited to Plaintiff's alleged disabilities. (ECF No. 28, p. 5). Plaintiff further contends that this Court does not have authority to compel Plaintiff to execute a medical records release. *Id.* at 2-3. Defendant, on the other hand, asserts that all materials relating to Plaintiff's physical health are necessary to understand the nature of Plaintiff's alleged disabilities and to determine whether other physical conditions contributed to her alleged limitations. (ECF No. 29, pp. 3-5).

As a threshold matter, the Court finds that Plaintiff has waived her medical privacy interests by placing her medical condition at issue. *See Schoffstall v. Henderson*, 223 F.3d 818, 823 (8th Cir. 2000) (finding in a discrimination and retaliation case that plaintiff had waived her psychotherapist-patient privilege by putting her medical condition at issue); *see also Feltenstein v. City of New Rochelle,* No. 14-CV-5434 (NSR), 2018 WL 3752874, at *4 (S.D.N.Y. Aug. 8, 2018) ("Any right to privacy concerning medical records . . . can be waived when a litigant puts his physical or mental condition at issue in the litigation."). Plaintiff's privacy objections are overruled.

The Court also finds that Plaintiff's medical history—both physical and mental[1]—is indisputably relevant to the claims at issue in this case. *See Smith v. Atlanta Postal Credit Union*,

---

[1] Plaintiff concedes that Defendant is entitled to discover Plaintiff's mental health records. (ECF No. 28, p. 6).

4

No. 1:07-CV-1833-CC, 2008 WL 11324072, at *1 (N.D. Ga. July 1, 2008) (finding that plaintiff's medical records are "indisputably relevant to whether she is an individual with a disability, as defined by the ADA."). That is, Plaintiff's medical history bears on, or reasonably could lead to other matter that could bear on, her claims. *See SIO3, Inc.,* 2020 WL 6544261, at *1. Here, Plaintiff alleges that her disabilities substantially limited her ability to see, eat, sleep, walk, stand, lift, breathe, concentrate, and think. (ECF No. 5, ¶ 84). Plaintiff's medical records would likely speak to the nature of her limitations and the causes thereof. Thus, because Plaintiff has placed her medical history in controversy, the Defendant is entitled to review that medical history and is not restricted only to those documents pertaining to the exact disabilities alleged. Courts throughout the country have reached similar conclusions. *See Calder v. TCI Cablevision of Missouri, Inc.*, No. 4:99-CV-01005-CEJ, 2001 WL 991459, at *1 (E.D. Mo. July 21, 2001) (finding that plaintiff's medical history was relevant because plaintiff's action was based in part on the ADA); *Butler v. Burroughs Wellcome, Inc.*, 920 F. Supp. 90, 92 (E.D.N.C. 1996) ("In an action under the ADA, a plaintiff's medical history is relevant in its entirety."); *Smith*, 2008 WL 11324072, at *1 (holding that plaintiff's medical records were relevant to whether she was an individual with a disability under the ADA); *Floyd v. SunTrust Banks, Inc.*, 878 F. Supp. 2d 1316, 1327 (N.D. Ga. 2012) ("[W]hen a litigant alleges matters that put her medical status at issue, she waives her right to object to the discovery of her medical records."); *McCroy v. Illinois Dep't of Corr.*, No. 02-CV-3171, 2006 WL 8077033, at *3 (C.D. Ill. May 12, 2006) ("The court cannot say, however, that the medical records not yet produced are irrelevant or unlikely to lead to relevant evidence. The

plaintiff's medical treatment is at issue, and thus his medical records are relevant, or at least likely to lead to relevant information.").[2]

The Court further finds that it has the authority to compel Plaintiff to execute a medical release because Plaintiff has placed her medical history in controversy. *See Calder*, 2001 WL 991459, at *1 (ordering plaintiff to execute a release for medical records in an MHRA case); *Molina*, 2020 WL 3489350, at *2 (ordering plaintiff to execute a release for medical records in a case alleging physical and mental distress); *Lindsay v. Pennsylvania State Univ.*, No. 4:06-CV-01826, 2008 WL 1376273, at *4 (M.D. Pa. Apr. 9, 2008) (modifying the court's previous order to now require plaintiff to authorize the release of all medical records).[3]

Defendant has made a threshold showing that Plaintiff's medical history is relevant. Plaintiff has failed to demonstrate that Defendant's request is overly broad, unduly burdensome, or otherwise outside of the scope of Rules 26 and 34. For these reasons, the Court will overrule Plaintiff's objections to Defendant's Request Number 7 and order Plaintiff to sign the medical release authorization attached to Defendant's First Requests for Production within 14 days or produce all responsive materials within 14 days.

---

[2] Plaintiff cites *Molina v. City of St. Louis,* No. 4:17-CV-2498-AGF, 2020 WL 3489350, at *2 (E.D. Mo. June 26, 2020) to suggest that only records pertaining to her high blood pressure and enlarged heart are discoverable. But *Molina* does not stand for such a proposition. In *Molina*, the court determined that the defendant was not entitled to broad review of plaintiff's physical health records where plaintiff claimed disability solely based on her mental impairments. *Id.* Unlike *Molina,* Plaintiff here alleges emotional distress after being discriminated against for her *physical* disabilities.

[3] Plaintiff points out and the Court acknowledges that there is a split among district courts regarding the court's ability to compel a party to sign a records release. The Court is nevertheless persuaded it has such authority.

### III. Plaintiff's Employment Records

Request Number 12 seeks the "[e]xecution and notarization of the enclosed Employee Authorization for the Release of Employment Records of Plaintiff to Defendant." (ECF No. 27-1, p. 8). The parties' arguments here largely resemble those relating to Plaintiff's medical records.

The Court is persuaded that Plaintiff's employment records are germane to whether Plaintiff mitigated damages or has a history of misconduct with other employers. Plaintiff's employment records are also relevant to determine whether she was qualified for her position with Defendant and whether Defendant had a valid reason for her termination. Further, the Court has authority to compel Plaintiff to execute Defendant's Release of Employment Records. *See Wolfe v. Gallagher Bassett Servs. Inc.*, No. 4:11CV01610 ERW, 2012 WL 1357751, at *2 (E.D. Mo. Apr. 19, 2012) ("Plaintiff's full employment records are likely to lead to the discovery of admissible evidence regarding Plaintiff's credibility and Defendant's defenses."); *see also E.E.O.C. v. Chemsico, Inc.*, 203 F.R.D. 432, 434–35 (E.D. Mo. 2001) (ordering the claimant to sign an authorization permitting defendants to obtain claimant's employment records in a discriminatory termination case).

Defendant has made a threshold showing that Plaintiff's employment records are relevant. Plaintiff has not overcome that showing. For these reasons, the Court will overrule Plaintiff's objections to Defendant's Request Number 12 and order Plaintiff to sign Defendant's employment records authorization within 14 days or produce all responsive materials within 14 days.

### IV. Plaintiff's Tax Returns

Request Number 10 seeks Plaintiff's federal and state income tax returns, W-2s, and 1099 forms for tax years 2018 to present. (ECF No. 27-3, pp. 7-8). Defendant argues that Plaintiff's tax information is relevant to her claim for front pay and to determine whether Plaintiff mitigated

7

damages. (ECF No. 29, p. 7). Plaintiff concedes that her post-termination tax returns are relevant but argues that Defendant has not articulated the relevancy of her pre-termination tax records. (ECF No. 28, p. 7).

"Courts routinely compel production of tax returns a few years prior to the retaliatory discharge." *Wolfe*, 2012 WL 1357751, at *2 (E.D. Mo. Apr. 19, 2012). The party seeking discovery has the initial burden to show that the tax returns are relevant. *E.E.O.C. v. Ceridian Corp.*, 610 F. Supp. 2d 995, 997 (D. Minn. 2008) (citation omitted). The burden then shifts to the opposing party to show that the tax returns are more readily obtainable elsewhere. *Id.*

The requested tax information is relevant to Plaintiff's claim for front pay and Defendant's mitigation defense. *See Eggering v. MHP, Inc.*, No. 4:10CV01794 AGF, 2011 WL 6029956, at *2 (E.D. Mo. Dec. 5, 2011) (ordering the plaintiff in an employment discrimination case to produce two additional years of tax information); *see also Sowers v. Gatehouse Media Missouri Holdings, Inc.*, No. 4:08CV633 TIA, 2009 WL 1106946, at *2 (E.D. Mo. Apr. 23, 2009) (ordering the plaintiff in a discriminatory termination action claiming lost wages and benefits to produce her state and federal income tax returns for four years, with supporting schedules and W2s); *Chemsico*, 203 F.R.D. at 434 (ordering the EEOC in a discriminatory termination case to produce the discharged employee's tax returns for three years preceding the termination and one year after). The Court is not persuaded that Plaintiff's tax records are more easily obtainable elsewhere. Plaintiff concedes she has not yet produced the requested information. (ECF No. 28, p. 8). Plaintiff shall produce her tax returns from 2018 to present within 14 days.

V.   **Plaintiff's Diaries and Social Media Posts**

Request Number 16 seeks "diaries, notebooks, social media posts, blog posts, or other written accounts" relating to events that occurred in Plaintiff's life while she was employed by

Defendant. (ECF No. 27-3, pp. 10-11). Defendant argues that the information sought is relevant to Plaintiff's mental state and physical capabilities during her employment. (ECF No. 29, pp. 7-8). Plaintiff argues that Defendant's request is overly broad. (ECF No. 28, p. 8).

Plaintiff correctly notes that courts have reached varying conclusions on the relevance of social media posts in cases involving claims of emotional distress. (ECF No. 28, p. 8) (citing *Giacchetto v. Patchogue-Medford Union Free Sch. Dist.*, 293 F.R.D. 112, 115 (E.D.N.Y. 2013)). But where a plaintiff's physical capabilities are at issue—as they are here—social media posts that contradict the plaintiff's allegations are relevant. *Rhone v. Schneider Nat'l Carriers, Inc.*, No. 4:15-CV-01096-NCC, 2016 WL 1594453, at *3 (E.D. Mo. Apr. 21, 2016) (citing *Giacchetto*, 293 F.R.D. at 116). Indeed, "generally, social media content is neither privileged nor protected by a right of privacy." *Michael Brown, Sr. v. City of Ferguson*, No. 4:15CV00831 ERW, 2017 WL 386544, at *1 (E.D. Mo. Jan. 27, 2017) (citation omitted). "Even personal diaries are discoverable if they contain relevant information regarding contemporaneous mental states and impressions of parties." *Id.* (citation and internal quotation marks omitted).

While the Court agrees with Defendant that Plaintiff's social media posts and diary entries relating to her disabilities or emotional distress are relevant, the Court also understands Plaintiff's privacy concerns. For this reason, the Court will order Plaintiff to carefully review her diary and social media activity for relevant entries. Plaintiff need not produce all diary entries or social media posts made while under Defendant's employ, but Plaintiff must keep in mind the "extremely broad" nature of discovery and employ good faith efforts to identify all relevant materials. *See id.* Relevant materials include, but are not limited to, any entries relating to Plaintiff's physical or mental wellbeing while in Defendant's employ. Plaintiff shall produce all responsive materials within 14 days.

9

**Conclusion**

Defendant has established the relevancy of the requested materials. In response, Plaintiff has not shown that Defendant's requests are overly broad, unduly burdensome, or otherwise outside of the scope of Rules 26 and 34. The Court acknowledges Plaintiff's privacy concerns but is persuaded that they can be addressed with an appropriate protective order. *See Equal Emp. Opportunity Comm'n v. Autozone, Inc.*, No. 12-C-303, 2013 WL 12180861, at *6 (E.D. Wis. Aug. 21, 2013) ("[A]n appropriate protective order and/or redaction should be sufficient to alleviate [claimant's] privacy concerns, the court will grant the defendants' motion to compel the documents that the EEOC has identified in its privilege log as protected by the physician-patient privilege."). For these reasons, the Court overrules Plaintiff's objections to Requests Numbers 7, 10, 12, and 16 of Defendant's First Requests for Production and orders Plaintiff to respond as set forth above.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Compel Discovery (ECF No. 26) is **GRANTED** as set forth above and **DENIED** in all other respects.

*[signature: Ronnie L. White]*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 15th day of June, 2022.